IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 2 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| PRICILLA GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-218-A |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Portfolio Recovery Associates, LLC, to dismiss. The court, having considered the motion, the response of plaintiff, Pricilla Gonzales, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On March 14, 2019, plaintiff filed her original complaint in this action. Doc.[1] 1. On April 29, 2019, defendant filed its motion to dismiss. Doc. 11. On May 9, 2019, plaintiff filed her amended complaint. Doc. 14.

In her amended complaint, plaintiff makes a number of conclusory allegations and very few factual ones. In particular, she does not allege that she incurred any debt at any place or

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

time pursuant to any particular agreement or arrangement. She says that she is asserting claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), based on collection letters written by defendant. Doc. 14 at 3, ¶ 22. Specifically, she alleges that the letters say: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, **we will not** sue you for it or report payment or non-payment of it to a credit bureau." Id.[2] Plaintiff alleges that these provisions violate the FDCPA because (1) defendant did not inform plaintiff that a subsequent debt buyer could sue if plaintiff's promise to repay or partial payment restarted the statute of limitations, and (2) the notice did not say that neither defendant nor anyone else "absolutely **cannot** sue" plaintiff.

II.

Grounds of the Motion

Defendant urges that plaintiff cannot proceed with either of her claims under the FDCPA. Defendant maintains that the claims fail as a matter of law. And, plaintiff has not plausibly alleged that there is any threat that she will be sued on the debt at issue.

---

[2] Although the amended complaint references "Exhibit A," such a document is not attached thereto.

2

III.

## Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556

U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

In count I of the amended complaint, plaintiff says that defendant violated § 1692e of the FDCPA by making false and misleading representations that defendant "will not sue" and failing to inform plaintiff that a subsequent debt buyer could sue if plaintiff's promise to repay or partial payment restored the statute of limitations. Doc. 14 at 4. Under Texas law, the statute of limitations on a time-barred debt, such as this one, is revived only if there is a writing containing an unequivocal acknowledgment of the justness of the claim and an expression of a willingness to pay. House of Falcon, Inc. v. Gonzalez, 583 S.W.2d 902, 905 (Tex. Civ. App.-Corpus Christi 1979, no writ); Tex. Civ. Prac. & Rem. Code § 16.065 (West 2015). Partial payment alone is not sufficient to revive a time-barred debt. Mandola v. Oggero, 508 S.W.2d 861, 863 (Tex. Civ. App.-Houston [14th Dist.] 1974, no writ). Thus, there was no need for defendant to warn plaintiff that revival of the statute of limitations was possible. See Madinya v Portfolio Recover Assocs., LLC, No. 18-CV-61138, 2018 WL 6590829, at *3 (S.D. Fla. Dec. 14, 2018).

In this regard, plaintiff devotes significant attention to Texas choice of law provisions, arguing that the substantive law of another (unidentified) state should apply in this case. Doc.

17 at 2, 4-5, 9-11. However, plaintiff failed to plead any of the facts that would support the choice of another state's law.[3] But, in any event, plaintiff overlooks that the letter specifically states that defendant will not sue or report payment or nonpayment, even if the payment restarts the limitations period.[4] In this regard, this case is easily distinguished from <u>Daugherty v. Convergent Outsourcing, Inc.</u>, 836 F.3d 507 (5th Cir. 2016), upon which plaintiff relies. Doc. 17 at 7-9. The provision at issue here discloses the unenforceability of the debt and that the enforceability might be revived by partial payment, but defendant still will not sue. Plaintiff has not pleaded any facts to show that defendant would not abide by its promise. See <u>Cooper v. Midland Credit Mgmt., Inc.</u>, No. 4:18-CV-82-CDL, 2018 WL 6517448, at *3 (M.D. Ga. Dec. 11, 2018). Nor is there any reason to believe that the promise would not be binding on defendant's successors. See <u>Boedicker v. Midland Credit Mgmt., Inc.</u>, 227 F. Supp. 3d 1235, 1241 (D. Kan. 2016); <u>Miran v. Convergent Outsourcing, Inc.</u>, No. 16-CV-0692, 2016 WL 7210382, at *5 (S.D. Cal. Dec. 13, 2016).

---

[3] For some unknown reason, plaintiff failed to attach a copy of her credit card agreement.

[4] Doc. 1, Ex. A. (Presumably, the same document was meant to be attached to the amended complaint.)

In Count 2 of the amended complaint, plaintiff asserts that defendant violated § 1692e and § 1692f of the FDCPA because its letter states that it "will not sue" instead of stating that it "cannot sue" to collect the time-barred debt. Doc. 14 at 5. Defendant devotes half of its motion to a discussion of the reasons why plaintiff cannot prevail on this claim. Doc. 15 at 10-17. First, the language used is that prescribed by the Consumer Financial Protection Bureau.[5] Second, the statement that defendant "will not sue" is an accurate, unequivocal statement having no other plausible meaning. And, third, the disclosure that defendant "will not sue" is lawful because the letter also discloses the time-barred nature of the debt. Plaintiff apparently recognizes this is the case, as she fails to discuss it in her response, abandoning this claim. Arias v. Wells Fargo Bank, N.A., No. 3:18-CV-00418-L, 2019 WL 2514998, at *6 (N.D. Tex. June 18, 2019); Henderson v Wells Fargo Bank, N.A., 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013).

---

[5]The court takes judicial notice of the consent order. Doc. 16. Plaintiff has not raised any objection to the document in any event.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED July 2, 2019.

_____
JOHN McBRYDE
United States District Judge